IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

REBECCA GLASS                                                                                    PLAINTIFF

vs.                                             Civil No. 1:08-cv-01016

MICHAEL J. ASTRUE                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Rebecca Glass ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for DIB on March 31, 2005 and protectively filed her application for SSI on March 25, 2005.  (Tr. 16, 64-66, 530-532).  Plaintiff alleged she was disabled due to a ruptured disc in her neck, lower back pain, numbness in her legs, and arthritis.  (Tr. 128). Plaintiff alleged an onset date of July 1, 2004.  (Tr. 64, 530).  These applications were initially

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

denied on May 12, 2005 and were denied again on reconsideration on August 4, 2005. (Tr. 36-37, 528-529).

On October 4, 2005, Plaintiff requested an administrative hearing on her applications. (Tr. 32-33). This hearing was held on August 30, 2006 in El Dorado, Arkansas. (Tr. 566-609). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Ken Waits testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED. (Tr. 571).

On April 12, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 16-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2006. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2004, her alleged onset date. (Tr. 18-19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumosacral spine with ruptured discs at C3-4 and L5-S1; high blood pressure; coronary artery disease; chronic obstructive pulmonary disease; irritable bowel syndrome; duodenitis; surgical adhesions; and pain. (Tr. 19-20, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20-21, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 21-23, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms. *See id.* Based upon this review, the ALJ discounted Plaintiff's subjective complaints:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 22). Second, the ALJ reviewed all the evidence in the record and hearing testimony and determined Plaintiff's RFC. (Tr. 21-23, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC for light work. *See id.* Light work is defined as the following:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b) (2009).

The ALJ then determined that Plaintiff's RFC did not preclude her in her ability to perform her Past Relevant Work ("PRW"). (Tr. 23-24, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 566-609). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a truck dispatcher (skilled, sedentary), billing clerk (semi-skilled, sedentary), cable parts technician (semi-skilled, heavy), and sales clerk (skilled, sedentary to light). (Tr. 23-24). The ALJ determined that Plaintiff's RFC for light work did not preclude her in her ability to perform work as a billing clerk, sales clerk, or truck dispatcher. (Tr. 23, Finding 6).

On April 16, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 10-11). *See* 20 C.F.R. § 404.968. On March 18, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on March 24, 2008.

3

(Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred in his *Polaski* evaluation and (2) the ALJ erred in determining that Plaintiff retained the RFC to perform her PRW. (Doc. No. 6, Pages 2-20).  In response, Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints, determined her RFC, and found that she retained the ability to perform her PRW.  *See id.*  Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address Plaintiff's first issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

6

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ essentially performed no *Polaski* analysis. Although the ALJ *listed* the *Polaski* factors, the ALJ *did not examine* the factors and did not state inconsistencies between Plaintiff's claims and the record as required by *Polaski*. *See id.* Instead, the ALJ merely provided a summary of Plaintiff's medical records, stated some inconsistencies between Plaintiff's testimony and her medical records, and then stated the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 22). Notably, instead of performing the required *Polaski* analysis, the ALJ focused almost entirely upon the fact that Plaintiff "constantly changed her stories about her tobacco use" and was "clearly non-compliant with the sound medical advice of her treating physicians that she stop smoking." (Tr. 22). This analysis is insufficient. On remand, the ALJ is required to fully evaluate Plaintiff's subjective complaints in accordance with the standard set forth above.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of March, 2009.**

>	/s/ Barry A. Bryant
>	HON. BARRY A. BRYANT
>	U. S. MAGISTRATE JUDGE